

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>XUNBIN CHEN,<br><br>Defendant. | Case No. 2:21-MJ-04307<br><br>**ORDER OF DETENTION** |

On September 22, 2021, Defendant Xunbin Chen made his initial appearance on the Complaint filed in this matter. Deputy Federal Public Defender Gabriela Rivera was appointed to represent Defendant.

Defendant submitted on the detention recommendation in the Pretrial Services Report.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure:

☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court has considered the following:

(a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(b) the weight of evidence against the defendant;

(c) the history and characteristics of the defendant; and

(d) the nature and seriousness of the danger to any person or the community.

See 18 U.S.C. § 3142(g) The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Defendant is a Chinese citizen, has a valid Chinese passport, and has family ties to China;
- ☒ Defendant was convicted in 2015 in Minnesota of felony financial transaction card fraud;
- ☒ Defendant has various aliases and dates of birth associated with his name;
- ☒ Minimal/conflicting information was provided to the Pretrial Services Agency regarding Defendant's current residence; Defendant stated that he lives near El Monte, California, but could not recall the city, and his wife stated that she does not know where Defendant lives, as he stops by once or twice a week to sleep.

As to danger to the community:

- ☒ Defendant was convicted in 2015 in Minnesota of felony financial transaction card fraud;
- ☒ Defendant has made threats against the life of the co-conspirator.
- ☒ Allegation in paragraph 22 of the Affidavit in Support of the Complaint.

It is therefore ORDERED that Defendant Xunbin Chen be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver

the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  See 18 U.S.C. § 3142(i).

Dated: September 23, 2021

*Patricia Donahue*
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE